## Case No. 1,866.

### In re BRIDGMAN.

[1 N. B. R. 312 (Quarto, 59); 1 Am. Law T. Rep. Bankr. 48.][1]

District Court, S. D. Georgia. 1868.

BANKRUPTCY—PROOF OF CLAIMS.

A creditor who has a lien, either specific or general, must disclose its particular character, that it may legally, and according to its priority, be ascertained and liquidated.

[On certificate of register in bankruptcy.]

To the Hon. JOHN ERSKINE, Judge of the District Court Aforesaid:

Sir,—I, the undersigned, having been designated by the court as the register in bankruptcy before whom the proceedings in the above matter of the bankruptcy of Sampson D. Bridgman, are to be had, do hereby certify, that in the due course of such proceedings, the following questions, pertinent to the same, arose, and were stated and agreed to by Herbert Fielder, Esq., counsel for the bankrupt, and by Eugenius S. Douglass, Esq., who appeared as counsel for Demetrius A. Cochran, one of the creditors of said bankrupt.

The same creditor proposed to prove, under Form No. 21, general orders supreme court of the United States, a debt against the bankrupt, which was secured by a mortgage upon certain real and personal property of the bankrupt, when the following questions arose: First. Whether the said creditor should be allowed to prove the whole or any part of his debt without the mortgaged property being sold or released as provided by

section 20 of the bankrupt act [of March 2, 1867 (14 Stat. 526)]. Second. Whether a deposition in writing, on oath, setting forth "the demand, the consideration therefor, the securities thereof," &c., as provided in section 22 of the act, is such proving of the debt as is not to be allowed by section 20, without the mortgaged property being sold or released and delivered up.

And the said parties requested that the same should be certified to your honor for your opinion thereon.

F. S. Hesseltine, Register in Bankruptcy for Said District.

Opinion of the Register:

These questions arise from a seeming conflict between sections 20 and 22 of the bankrupt act. Section 22 seems to require what section 20 says shall not be allowed. It is fair to presume that no such conflict existed in the minds of the framers of the law, and wiser to seek to reconcile these apparently antagonistic sections, by endeavoring to ascertain the intentions and objects sought by their authors, than hastily to cast out one or the other of them.

After much consideration I have come to the conclusion that section 20 was inserted in the act to provide that a creditor holding securities of less value than his debt might become sharer in the general fund or assets of the bankrupt, for the excess of his debt over the value of his securities, to be ascertained as the court may order; or might, by the surrender of his securities, become a participator in said fund for the whole amount of his claim; also to provide that, where the securities held exceed in value the amount of the debt, the creditor might, by paying to the assignee such excess, take the property in satisfaction of his claim, or by not paying such excess look to his mortgage or lien on the property alone to pay his debt, in which case the assignee will sell the property subject to the mortgage or lien. In other words, the object of this section was to prevent creditors holding securities from keeping back out of the assets of the bankrupt the property so held; and at the same time coming in to prove as general creditors for the whole amount of their debts, and thus sharing pro rata with the other creditors. I use the expression "proving as general creditors" to distinguish those who, holding no security, prove for their whole claim, from those who, by a "deposition in writing on oath," or "solemn affirmation," declare the amount due to them from the bankrupt, and what property or securities they hold to secure the payment of their debt. That the latter creditor shall not prove his debt like the former, and be "admitted as a creditor" to participate in the division of the general fund, is set forth in the 20th section. That such secured creditor, desiring to share in the assets of the bankrupt, shall make oath to the amount due him, and whatever securities he holds therefor, is plainly demanded by section 22, and

[1] [Reprinted from 1 N. B. R. 312 (Quarto, 59), by permission. 1 Am. Law T. Rep. Bankr. 48, contains only a partial report.]

the justices of the supreme court have framed forms 21 and 25 for this kind of proof.

The reason for this is not obscure. That the court may know such creditors, they must appear before it by proving their claims; and the court by such proof must be instructed concerning the securities held in order to decide how it will deal with them, and to do justice as between the secured and the general creditors. The effect of this proof of claim by a creditor holding securities as required in section 22, differs from that of an unsecured creditor in this: the latter at once steps into the column of general creditors, who are to be paid out of the assets of the bankrupt pro rata according to the amount of their claims; while the former or secured creditor halts a while to surrender his security or have its value determined as the court may direct; then becomes a general creditor, or sharer in the bankrupt's assets, for the whole or the balance of his debt, according as he has surrendered his securities or had them valued by order of the court.

In brief, my judgment is, that a secured creditor who desires to have his demand against the estate of the bankrupt allowed, and to participate in the assets, must prove his claims as required by section 22 under form 21 of the general orders, and that such creditor who does not thus prove his claim is to be considered as standing alone without the court, looking only to what he has in his hands to satisfy his debt; if he has more than belongs to him—than the amount of his claim—the court may order the property sold, subject to his lien or mortgage, and pay the proceeds to the creditors who have proved their claims.

ERSKINE, District Judge. Every creditor, secured or unsecured, of the bankrupt, is a defendant in the proceedings, and if a creditor has a lien, either specific or general, and he wishes to protect it, he must disclose its particular character, that it may legally, and according to its priority or dignity, be ascertained and liquidated. The judgment of Mr. Register Hesseltine is approved. The clerk of the United States court, southern district, will certify this opinion to Mr. Hesseltine.